Bissell, P. J.,
delivered the opinion of the court.
Early in 1891, Moore and Vickers, as contractor and subcontractor, entered into an agreement respecting some grading on the Denver & Suburban Railway Company. Shortly afterwards, by reason of some undisclosed transactions between one Myers and Vickers, Vickers assigned to Myers all moneys due and to become due under the contract which he had made with Moore, and authorized Myers to collect it. It appears that Vickers did a good deal-of work under the contract, whereby a considerable sum became due him. In October, Myers attempted to collect from Moore all or a portion of what Vickers had earned, presenting the authority expressed in the assignment therefor. At this time, Moore appears to have raised some question concerning the amount due, but offered to pay Myers one hundred and fifty dollars if he would sign a receipt, which on its face was expressed to be in full of all moneys due Vickers under the original subcontract. Myers accepted the proposition, signed the receipt and took his money. Whether under the arrangement *445 between Myers and Vickers he was entitled to collect the whole sum due, or whether the amount which he received wholly, substantially or partially settled his claim, is not made evident by the record. Whatever the fact may be in respect of this matter, the receipt cannot be taken either as conclusive in favor of Moore, or as binding upon Vickers as to the amount that was due him under the contract. It has been somewhat seriously argued that this receipt should control the rights of the parties, and should bar a recovery in this suit, which was brought by Vickers for the use of Dunklee, a subsequent assignee,- to recover the balance said to be due for the work done under the original convention. There are many reasons to the contrary. In the first place, Myers was not empowered by the terms of the assignment to settle or adjust any controversy between Vickers, his assignor, and Moore, the contractor. His sole authority was to collect and receive whatever might be due from the contractor to Vickers for the work done. Manifestly, this would give him no right to collect a less sum than that which had been earned and bind Vickers thereby, unless the release, if any, was made on his own behalf and for moneys which he had a right to collect beyond those which he received. What these facts may be are not disclosed, so that it cannot be adjudged that he was possessed of authority to bind Vickers by the settlement. An additional and very cogent reason to reject this contention concerning the effect of the receipt is found in the circumstances under which it was executed. Buyers seems to have suggested that Vickers claimed more money than that sum, and that he was doubtful as to his right or his power to discharge the liability of the contractor by the execution of a receipt for a sum less than that which Vickers claimed. His objections were overcome by the statement of the contractor that -the receipt would cut no figure, and that if Vickers had any claim for money, and could show it, he would get it in a minute. This conversation and these circumstances effectually dispose of the claim that the receipt was in any manner a conclusive and binding settlement as *446 to the sura due from Moore to Vickers for the work which was done.
After this transaction between Moore and Myers, the latter reassigned to Vickers the right which had passed to him by the original transfer between him and the subcontractor. The reassignment was sufficient in form and legal effect to reinvest Vickers with his original rights to recover for the work done under his agreement with Moore, and, if at that time Moore was indebted to him on account of it, he would have the light to proceed to collect. Acting on this theory, Vickers then transferred to one Dunklee his claims in the premises. The present suit grows out of that transfer. The suit was brought before a justice in the name of Vickers for the use of Dunklee, and after judgment in favor of the plaintiff, the defendant, Moore, appealed to the county court, where the case was retried, and judgment again entered for the plaintiff in the action for the sum of $194.67. It is unnecessary to state the nature or the history of the plaintiff’s claim, or the evidence which entitled him to recover. It need only be stated that his claim was not controverted by any evidence offered on behalf of the defendant, and the proof was ample to justify the recovery, unless there was some legal obstacle thereto. There seems to be none. The defendant moved for a nonsuit because of the failure of the proof to establish a right of action in favor of the plaintiff, and moved for a new trial on substantially the same grounds, —to wit, that the judgment was not warranted by the evidence, and that the proof offered concerning the circumstances under which the receipt was executed was incompetent and ought not to have been received. The court did not err in overruling these motions and entering judgment in favor of the plaintiff. These matters, however, are not what is principally argued in this court. The appellant here insists that the suit was improperly brought in the name of Vickers for the use of Dunklee, on the theory that the action should be brought in the name of the real party in interest, and that either Vickers or Dunklee were improperly parties to the *447 suit, and wrongfully joined as plaintiffs. The question is not presented to the court in such a manner as to call for a decision respecting the proper form of bringing a suit before a justice on an open account which has by assignment passed to another than the one to whom the account originally ran. We are not called upon to decide whether the suit should be brought by the assignee as the real party in interest, or whether it should be brought in the name of the original creditor, or in his name for the use of the party entitled to the proceeds, which was the course of the common law. This is a much vexed question, and one which should only be decided when the matter is fairly before the court, and when the question is raised at a time when the court below is fully empowered to correct any error in that regard, so that the suit may proceed regularly to a legitimate and proper judgment. It is not permitted to parties to litigate the actual controversy and raise no question concerning the right of the plaintiffs to sue until after judgment, and then be heard on an appeal to complain that the proper parties were not before the court. The unfairness of such a procedure would be well manifest in this case should it be reversed on these grounds. The litigation below proceeded on the sole contention that the defendant was not indebted, and judgment went against him both before the justice and in the county court, to which the cause went on appeal. He nowhere and at no time, during the progress of the litigation, until it reached this court, suggested by motion or otherwise a misjoinder of parties plaintiff. He should not now be heard to complain. If the suit ought to have been brought in the name of the original subcontractor, Vickers, it may be said that Vickers was before the court, and is concluded by his recovery. If, on the other hand, it is asserted that only Dunklee, the assignee, should sue, it is enough to say that he likewise was before the court, and is bound by the judgment entered. Thus, whatever may be the conclusion as to the proper person to sue, everybody concerned in the recovery wTas before the court, and is bound by the judg *448 inent, and the defendant is unharmed, simply being called upon to pay the amount which he owed under his contract. This solution of the difficulty is in very close analogy to that adopted by the supreme court in Jackson v. Hamm, 14 Colo. 58.
Perceiving no error in the record, the judgment will be affirmed.

Affirmed.